[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-10090; 16-11103
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20488-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ENRIQUE ROSALES-ACOSTA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 13, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Luis Rosales-Acosta appeals his convictions for three Hobbs Act robberies

and for discharging a firearm while committing a crime of violence.  On appeal,

Rosales-Acosta argues that: (1) his appeal is not barred by the appeal waiver

provision of his plea agreement because that provision does not prohibit him from challenging the district court's legal authority to impose mandatory sentences; and (2) the district court committed plain error when it counted his Hobbs Act robberies as predicate offenses because they fail to qualify as crimes of violence under 18 U.S.C. § 924(c)(3). After careful review, we affirm.

For starters, we agree with Rosales-Acosta that his appeal is not barred by his plea agreement's appeal waiver provision. We will enforce an appeal waiver according to its terms if a defendant entered into the plea agreement knowingly and voluntarily. United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006). However, we've determined that the terms of a general appeal waiver may not preclude a challenge to an Armed Career Criminal Act ("ACCA") enhancement. United States v. Jones, 743 F.3d 826, 828 n.2 (11th Cir. 2014) ("[W]ithout the ACCA enhancement, the maximum sentence [the defendant] could have received under the statute is ten years. The enhancement gave [him] a sentence of 15 years, which is 'in excess of the statutory maximum.' As a result, the reserve clause in the appeal waiver applies and the waiver does not." (citation omitted)).

We've recognized that a party may not challenge as error a ruling that was invited by that party. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Invited error occurs when a party induces or invites the district court to make an error. Id. If invited error occurs, it precludes us from reversing for plain error. Id.

We have held that the invited error doctrine applies when a party repeatedly argues for a sentence that includes a term of supervised release instead of additional jail time and then on appeal argues that a sentence including supervised release was error.  Id.  But we've also concluded that a failure to object to a predicate conviction being used as an enhancement for ACCA purposes does not implicate the doctrine.  See Jones, 743 F.3d at 827-28 & n.1 (noting that the defendant "failed to object to the error, but he did not ask for it").

Here, Rosales-Acosta's appeal is not barred by the appeal waiver of his plea agreement.  As we've said, we will enforce appeal waivers that are knowing and voluntary, but only according to their terms.  See Bascomb, 451 F.3d at 1294.  In Jones, we found that appeal waiver terms very similar to those in Rosales-Acosta's plea agreement did not bar an appeal of an ACCA enhancement.  The government has not explained why the reasoning of Jones does not apply to Rosales-Acosta's case.  We therefore hold that Rosales-Acosta's appeal is not barred by the appeal waiver in his plea agreement.

Moreover, as we held in Jones, failing to object to an ACCA enhancement was not invited error.  Jones, 743 F.3d at 827-28 & n.1.  While the government points to Love in support of its position that invited error applies, that case is distinguishable.  The defendant in Love repeatedly advocated in favor of supervised release instead of jail time.  449 F.3d at 1157 & n.7.  While Rosales-

3

Acosta agreed to recommend a sentence to the district court, the record does not demonstrate that he engaged in the same type of advocacy as did the defendant in Love. The invited error doctrine therefore does not bar his appeal. Jones, 743 F.3d at 827-28 & n.1.

Nevertheless, we are unpersuaded by Rosales-Acosta's claim that the district court committed plain error when it counted his Hobbs Act robberies as predicate offenses because they fail to qualify as crimes of violence under 18 U.S.C. § 924(c)(3). We generally review de novo whether a specific offense qualifies as a crime of violence under § 924(c). United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013). However, sentencing claims raised for the first time on appeal are reviewed for plain error. United States v. Rodriguez, 751 F.3d 1244, 1257 (11th Cir. 2014) ("Nelida Rodriguez"). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1275-76 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1276. An error affects a defendant's substantial rights if there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different. See United States v. Olano, 507 U.S. 725, 734 (1993).

4

The plain error rule places a daunting obstacle before an appellant.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) ("Vladimir Rodriguez"). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  What constitutes plain error is determined by the state of the law at the time of appeal.  Vladimir Rodriguez, 398 F.3d at 1299.

The ACCA defines the term "'violent felony'" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains both the "enumerated crimes" and what is commonly called the "residual clause."  See United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) ("Samuel Johnson"), the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.  The Supreme Court, in holding that the residual clause is void, clarified that it was not calling into

5

question the elements clause or the enumerated crimes in the ACCA's definition of a violent felony. Id.

A similar but distinct sentencing provision provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime or possesses a firearm in furtherance of such crimes. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c)(1)(A), a "'crime of violence'" is defined as an offense that is a felony and

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In the context of an application to file a successive 28 U.S.C. § 2255 motion, we have referred to the former clause as the use-of-force clause and the later clause as the residual clause. In re Saint Fleur, 824 F.3d 1337, 1339 (11th Cir. 2016). Although the ACCA's residual clause and the § 924(c)(3)(B) residual clause contain similar language, neither we nor the Supreme Court have addressed whether Samuel Johnson applies to § 924(c)(3)(B). See In re Pinder, 824 F.3d 977, 978–79 (11th Cir. 2016) (noting that this "Court hasn't decided if [Samuel] Johnson applies to § 924(c)(3)(B)" and that "the law is unsettled" as to whether Samuel Johnson invalidates sentences imposed pursuant to the § 924(c)(3)(B) residual clause).

6

However, we have denied an application for leave to file a successive § 2255 motion because the applicant's conviction for Hobbs Act robbery, which was the predicate felony for his § 924(c) conviction, was a crime of violence under the use-of-force clause of § 924(c)(3)(B).  In re Saint Fleur, 824 F.3d at 1341.  In In re Saint Fleur, we determined from the indictment and judgment that the applicant's Hobbs Act robbery conviction qualified under the use-of-force clause of § 924(c) because it was committed "'by means of actual and threatened force, violence, and fear of injury.'"  Id.  Accordingly, we concluded that the applicant's § 924(c) sentence, based on his Hobbs Act robbery conviction, was valid regardless of whether Samuel Johnson invalidates the § 924(c)(3)(B) residual clause.  Id.

On appeal, Rosales-Acosta argues for the first time that the district court erred by counting his Hobbs Act robberies as predicate offenses because they fail to qualify as crimes of violence under 18 U.S.C. § 924(c)(3).  We therefore review for plain error only.  See Nelida Rodriguez, 751 F.3d at 1257.  Rosales-Acosta's argument fails because, as our caselaw makes clear, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  Lejarde-Rada, 319 F.3d at 1291.  Neither we nor the Supreme Court have yet decided whether Samuel Johnson renders § 924(c)(3)(B) unconstitutionally vague.  See In re Pinder, 824 F.3d at 978–79.

7

In deciding applications for second and successive motions under 28 U.S.C. § 2255, however, we've indicated that Hobbs Act robberies are crimes of violence for purposes of § 924(c)(3)(A). See, e.g., In re Saint Fleur, 824 F.3d at 1341. While it may be true, as Rosales-Acosta argues, that In re Saint Fleur is not controlling because it deals with an application for second and successive motions under 28 U.S.C. § 2255, this misses the point. The standard for plain error is the reverse -- for an error to be plain, Rosales-Acosta did not need to cite precedent directly on point supporting the district court's decision. Instead, he had to show precedent directly on point from the Supreme Court or this Court contrary to the district court's decision. See Lejarde-Rada, 319 F.3d at 1291. Because he has failed to do so, Rosales-Acosta has not proven any error, much less plain error.

**AFFIRMED**.