[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13707
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00474-VMC-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY ALONZO WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2020)

Before JORDAN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

For his part in an armed robbery of a Tampa, Florida pawn shop (Value Pawn), a grand jury charged Terry Alonzo Wilson with the following crimes: (1) conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a)–(b); (2) Hobbs Act robbery, 18 U.S.C. §§ 2, 1951(a)–(b); (3) using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2, 924(c); and (4) possession of a firearm as a convicted felon, 18 U.S.C. § 922(g)(1).  After a six-day trial, the jury found Wilson guilty on all counts and the district court imposed a 300-month sentence.

This is Wilson's appeal.  He raises four arguments for our consideration. First, he contends that, by limiting the scope of his cross-examination of the government's key witness, the district court abused its discretion and violated his rights under the Sixth Amendment.  Second, he argues that the district court abused its discretion in admitting evidence regarding two firearms and ammunition that law enforcement recovered during his arrest.  Third, he asserts that his 300-month sentence is procedurally unreasonable because the district court clearly erred in applying an aggravating-role enhancement and substantively unreasonable because the court failed to properly weigh the 18 U.S.C. § 3553(a) factors.  Fourth, he argues that Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c).

2

After careful consideration of Wilson's arguments and the record, we will affirm.

## I

First, Wilson argues that the district court abused its discretion and violated his Sixth Amendment confrontation rights in limiting the scope of his cross-examination of Jeremy Williams, his co-conspirator.

## A

We review claims that the district court improperly limited the scope of a party's cross-examination for "a clear abuse of discretion." *United States v. Rushin*, 844 F.3d 933, 938 (11th Cir. 2016) (quotation omitted). But whether a defendant's Sixth Amendment rights were violated is a question that we review de novo. *Id.*

The Sixth Amendment's Confrontation Clause guarantees a criminal defendant an opportunity to impeach adverse witnesses through cross-examination. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1178 (11th Cir. 2006). The right to cross-examine a witness is particularly important where the witness is the government's chief witness. *Id.* Nevertheless, the right is not unlimited, as a defendant is "entitled to only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the

3

defense might wish." *United States v. Williams*, 526 F.3d 1312, 1319 (11th Cir. 2008) (quotation omitted).

A district court may limit the scope of a defendant's cross-examination without infringing his Sixth Amendment rights if the permitted cross-examination exposed the jury to facts sufficient for it to draw inferences regarding the witness' credibility and enabled defense counsel to make a record to support her arguments that the witness was biased. *Rushin*, 844 F.3d at 938. Once a defendant engages in cross-examination sufficient to satisfy the Confrontation Clause, "further questioning is within the district court's discretion." *United States v. Diaz*, 26 F.3d 1533, 1539 (11th Cir. 1994). The district court enjoys "wide latitude" in reasonably limiting cross-examination when it has "concerns about, among other things, . . . confusion of the issues . . . or interrogation that is repetitive or only marginally relevant." *Rushin*, 844 F.3d at 938 (quotation omitted).

## B

Here, the district court did not abuse its discretion or violate Wilson's constitutional rights in limiting the scope of his cross-examination of Williams. The court permitted Wilson to cross-examine Williams about his potential bias, motive, and character for truthfulness. Among other questions, Wilson asked Williams about Williams' plea agreement, inconsistencies in his post-arrest statements to law enforcement, and his criminal history and gang involvement.

4

Defense counsel relied on Williams' responses to these questions in her closing to argue that Williams was biased and motivated to lie, that his statements were inconsistent, and that he generally lacked credibility as a witness. She also used Williams' cross-examination testimony to support the defense's theory that Williams falsely identified Wilson as the co-conspirator because he was trying to protect his fellow gang members. For these reasons, the permitted scope of Wilson's cross-examination of Williams exposed the jury to facts sufficient to draw inferences regarding Williams' credibility and provided a factual basis for the defense's argument that Williams was biased. *See id.*

Given that Wilson was permitted to question Williams to this extent, we conclude that the district court did not err in limiting the scope of cross-examination with respect to a 2011 federal-drug indictment involving a gang with which Williams was allegedly associated. Williams' alleged knowledge of a federal prosecution in which he was not a defendant does not implicate his credibility and would appear to have limited value as impeachment evidence. The district court explained that it would not allow cross-examination on the indictment because it was "just too far afield," but suggested that Wilson could elicit testimony regarding it as part of his defense case. The court acted within its discretion in prohibiting Wilson from cross-examining Williams about the 2011 indictment. *See id.*; *Williams*, 526 F.3d 1312, 1319; *Diaz*, 26 F.3d at 1539.

5

Accordingly, we affirm as to this issue.[1]

## II

Next, Wilson contends that the district court abused its discretion in admitting pistols and ammunition that law enforcement officers recovered during his arrest. This evidence should have been excluded under Federal Rules of Evidence 404(b) and 403, Wilson argues, because it is irrelevant, unduly prejudicial, and not connected with the government's theory of the case or other evidence.

## A

We "review a district court's evidentiary rulings for a clear abuse of discretion," *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003), and will

---

[1] Wilson also argues that, by limiting the scope of his cross-examination of Williams, the district court shifted the burden of proof, compelled him to introduce evidence on his own behalf, and "forced [him] to waive any preservation to his motion for judgment of acquittal." The Due Process Clause requires the government to prove each element of the charged offenses beyond a reasonable doubt, and a district court may not shift the burden to prove or disprove an element of an offense to the defendant. *United States v. Deleveaux*, 205 F.3d 1292, 1298 (11th Cir. 2000). But Wilson does not explain how requiring him to present the 2011 indictment in his defense case, rather than on cross-examination, violated his constitutional rights by shifting the burden of proof, as it is irrelevant to the offenses he was charged with. Moreover, while we have held that "a defendant's decision to present his case after denial of a motion for judgment of acquittal operates as a waiver of his objection to the denial of his motion for acquittal," this "waiver doctrine" will foreclose appellate review of sufficiency of the evidence only "if the defendant fails to renew his motion for judgment of acquittal at the end of all of the evidence." *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994) (quotation omitted). Here, Wilson does not challenge the sufficiency of the evidence on appeal and, in any event, he renewed his motion for judgment of acquittal.

reverse an erroneous ruling only if the resulting error was not harmless, *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).

Relevant evidence is generally admissible at trial. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 404(b) "may foreclose the admission of uncharged crimes and other bad acts," but it "does not apply to evidence that is intrinsic to the charged offenses." *United States v. Wenxia Man*, 891 F.3d 1253, 1273 (11th Cir. 2018) (quotation omitted); Fed. R. Evid. 404(b). We have recognized that "[e]vidence is intrinsic if it arose out of the same transaction or series of transactions as the charged offense, is necessary to complete the story of the crime, or is inextricably intertwined with the evidence regarding the charged offense." *Wenxia Man*, 891 F.3d at 1273. Evidence that is not part of the charged offenses but pertains to the chain of events regarding the context, motive, and setup of the crime is admissible if it is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quotation omitted).

Intrinsic evidence may still be excluded, however, under Rule 403, which permits a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Wenxia Man*, 891 F.3d at 1273. We have cautioned that Rule 403 "is an extraordinary remedy" that the court "should invoke sparingly." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (quotation omitted). Accordingly, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quotation omitted). Moreover, potential unfair prejudice caused by admitting evidence of a defendant's acts can be mitigated by a limiting jury instruction. *See United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

**B**

We conclude that district court did not abuse its discretion in admitting the evidence regarding the two firearms and ammunition recovered during Wilson's arrest. The evidence was relevant and inextricably intertwined with other evidence that the government introduced to show that Wilson had committed the charged offenses. *See Wenxia Man*, 891 F.3d at 1273.

8

To establish that Wilson and Williams robbed Value Pawn together, the government introduced post-robbery communications exchanged between the two regarding Wilson leaving a gun at the robbery scene and his later acquisition of additional firearms. Evidence of the communications between Wilson and Williams, together with the guns and ammunition found on Wilson at the time of his arrest, corroborate the government's theory that Wilson had left a pistol at Value Pawn when he committed the robbery and obtained the other guns and ammunition after the fact to commit additional robberies. Thus, the evidence is relevant because it ties Wilson and Williams together as co-conspirators and is inextricably intertwined with the government's other evidence. *See* Fed. R. Evid. 401; *Troya*, 733 F.3d at 1131.[2]

We further conclude that the prejudicial effect of admitting the evidence did not substantially outweigh its probative value. *See* Fed. R. Evid. 403. Evaluating the evidence in the light most favorable to admission, *see Alfaro-Moncada*, 607 F.3d at 734, the pistols and ammunition are highly probative because Wilson's primary defense was that he was not Williams' co-conspirator, and the evidence regarding the pistols and ammunition is inextricably intertwined with the communications between Williams and Wilson subsequent to the robbery.

---

[2] Because the evidence is intrinsic to the charged offenses, it is unnecessary to evaluate its admissibility under Rule 404(b)(2)'s permitted uses.

9

Moreover, the district court mitigated any prejudicial effect by issuing a limiting instruction that prohibited the jury from inferring that Wilson committed the charged offenses because he had committed similar acts on other occasions.  *See Edouard*, 485 F.3d at 1346.

Because the district court acted within its discretion in admitting the pistols and ammunition, we affirm its ruling.

## III

Wilson also asserts that that his 300-month sentence is procedurally and substantively unreasonable.  Procedurally, he challenges the district court's decision to impose a two-level aggravating-role enhancement under the sentencing guidelines, *see* U.S. Sentencing Guidelines Manual § 3B1.1(c), as unsupported by the record.  He argues that his sentence is substantively unreasonable because the district court did not properly consider the 18 U.S.C. § 3553(a) when imposing an upward variance.

## A

We review the reasonableness of a sentence for an abuse of discretion, regardless of whether the sentence is inside or outside of the guideline range, *Gall v. United States*, 552 U.S. 38, 51 (2007), and the district court's application of an aggravating-role enhancement for clear error, *United States v. Moran*, 778 F.3d 942, 979 (11th Cir. 2015).  Because the clear-error standard is deferential, we will

not disturb a district court's findings unless we are "left with a definite and firm conviction that a mistake has been committed." *Id.*

In reviewing the reasonableness of a sentence, we consider whether the district court committed a procedural error, such as improperly calculating the guideline range. *Gall*, 552 U.S. at 51. When calculating a defendant's offense level, a two-level aggravating-role enhancement applies "[i]f the defendant was an organizer, leader, manager, or supervisor" of one to four other participants. U.S. Sentencing Guidelines Manual § 3B1.1(c). The commentary to § 3B1.1 sets out several factors for a court to consider in evaluating the application of this enhancement, including: (1) the defendant's "exercise of decision making authority"; (2) "the nature of [his] participation" in the crime; (3) his "recruitment of accomplices"; (4) his "claimed right to a larger share of the fruits of the crime"; (5) his "participation in planning or organizing" the crime; (6) "the nature and scope of the illegal activity"; and (7) the degree to which he exercised "control and authority" over others. *Id.* § 3B1.1 cmt. n.4; *United States v. Phillips*, 287 F.3d 1053, 1058 (11th Cir. 2002). "The assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *Phillips*, 287 F.3d at 1058 (alteration adopted) (quotation omitted).

Once we determine that the district court correctly calculated the guideline range, we examine whether the sentence is reasonable in light of the 18 U.S.C.

11

§ 3553(a) factors. *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). Section 3553(a) mandates that the district court "impose a sentence sufficient, but not greater than necessary": (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (2) "to afford adequate deterrence to criminal conduct"; (3) "to protect the public from further crimes of the defendant"; and (4) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In addition, the court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the kinds of sentences available"; (3) the guideline sentencing range; (4) "any pertinent policy statement"; (5) "the need to avoid unwarranted sentencing disparities"; and (6) "the need to provide restitution to any victims." *Id.* § 3553(a)(1), (3)–(7).

A district court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Suarez*, 893 F.3d 1330, 1337 (11th Cir. 2018) (quotation omitted), *cert. denied*, 139 S. Ct. 845 (2019). "We will defer to the district court's judgment" in weighing the § 3553(a) factors unless the court made "a clear error of judgment" and imposed "a sentence

12

that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation omitted).

Should the district court, after considering the § 3553(a) factors, elect to impose a sentence outside the applicable guideline range, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. Although we "may consider the extent of the deviation" from the guideline range, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51.

## B

Wilson's sentence is both procedurally and substantively reasonable. Procedurally, the district court did not clearly err in applying the aggravating-role enhancement. The evidence at trial established that Wilson recruited Williams to participate in the robbery, asked Williams to obtain a gun on two occasions, transported Williams to Tampa, selected pawn shops to case, issued instructions prior to the robbery, possessed the gun and directed Williams during the robbery, and kept the majority of the robbery's proceeds. *See* U.S. Sentencing Guidelines Manual § 3B1.1(c) cmt. n.4. These facts are sufficient to show that Wilson

13

exercised some degree of control or influence over at least one participant. *See*

*Phillips*, 287 F.3d at 1058.

Wilson's 300-month total sentence is also substantively reasonable. Although the district court stated that it primarily relied on the need to protect the public in imposing the sentence, it is generally within the court's discretion to weigh the § 3553(a) factors. *See Gonzalez*, 550 F.3d at 1324. Further, the record establishes that the court contemplated other factors in arriving at the 300-month sentence. Considering Wilson's history and characteristics, the court stated that it did not enjoy imposing the above-guideline sentence on a 53-year-old man with limited vision, but it emphasized that Wilson committed the Value Pawn robbery shortly after serving a lengthy prison sentence for the same type of offense and that the guideline range underrepresented his criminal history. *See* 18 U.S.C. § 3553(a)(1). The court also evaluated the nature and circumstances of the offenses, taking note of Wilson's act of pointing a gun at someone's face during the robbery. *See id.* And finally, the court considered the need for the sentence to reflect the seriousness of the offense and deter future criminal conduct, again reasoning that Wilson appeared to have been undeterred by the 240-month sentence that he had received previously and that his conduct demonstrated that he would likely continue to commit violent crimes in the future. *See id.* § 3553(a)(2)(A)–(C).

Because the district court did not make "a clear error of judgment" in weighing the § 3553(a) factors, it acted within its discretion in imposing Wilson's sentence. *See Gall*, 552 U.S. at 51; *Gonzalez*, 550 F.3d at 1324. We therefore affirm Wilson's sentence, as it is both procedurally and substantively reasonable.

**IV**

Finally, we consider Wilson's contention that his conviction for Hobbs Act robbery does not qualify as a "crime of violence" as defined in 18 U.S.C. § 924(c). Although he recognizes that his argument is foreclosed by our decision in *In re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016), he raises the issue to preserve it for further appellate review.

Whether a particular crime qualifies as a "crime of violence" under 18 U.S.C. § 924(c) is a question of law that we review de novo.[3] *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019). We have held that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A), which defines that phrase as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019); *In re Saint Fleur*, 824 F.3d 1337, 1340

---

[3] We needn't address the government's argument that Wilson's claim is subject to plain-error review because, as we will explain, Wilson's argument fails no matter the standard of review.

(11th Cir. 2016).[4]  Under the prior-panel-precedent rule, we are bound to follow our binding precedents unless and until they are overruled by the Supreme Court or this Court sitting en banc.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

The district court did not err in convicting and sentencing Wilson under § 924(c) for committing Hobbs Act robbery.  As Wilson concedes, our binding precedent forecloses his argument that Hobbs Act robbery does not qualify as a "crime of violence" for purposes of § 924(c).  *See St. Hubert*, 909 F.3d at 345; *Saint Fleur*, 824 F.3d at 1340; *Romo-Villalobos*, 674 F.3d at 1251.  Accordingly, we affirm his § 924(c) conviction and sentence.

\* \* \*

In conclusion, we hold that the district court did not err in limiting the scope of Wilson's cross-examination of Williams or in admitting evidence regarding the two pistols and ammunition found during Wilson's arrest.  We further conclude that Wilson's sentence is procedurally and substantively reasonable.  Finally, we reject Wilson's argument that his Hobbs Act conviction does not qualify as a

---

[4] Our holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) (sometimes referred to as the "use-of-force clause" or the "elements clause") is unaffected by the Supreme Court's holding in *Davis* that § 924(c)(3)(B) (also known as the "residual clause") was unconstitutionally vague.  139 S. Ct. at 2323–24.

"crime of violence" under 18 U.S.C. § 924(c), as it is foreclosed by our precedent.

We therefore affirm Wilson's convictions and sentences.

**AFFIRMED.**