BY THE PANEL:
Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Marckson Saint Fleur has filed an application seeking an order authorizing the district, court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C); see also Jordan v. Sec’y, Dep’t of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court’s determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).
I. SAINT FLEUR’S JOHNSON CLAIM
In his application, Saint Fleur seeks to raise one claim in a second or successive § 2255 motion. Saint Fleur asserts that his claim relies on a new rule of constitutional law, citing Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e), is unconstitutionally vague, and citing Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), in which the Supreme Court held that Johnson applies retroactively to cases on collateral review.
Saint Fleur was not sentenced or subject to an enhancement under the ACCA. Rather, Saint Fleur appears to assert that the Supreme Court’s holding in Johnson implicates his sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, he argues that his conviction for Hobbs Act robbery no longer qualifies as a crime of violence because *1339 of Johnson, and thus, his § 924(c) sentence cannot stand.
The ACCA, 18 U.S.C. § 924(e), defines the term “violent felony” as any crime punishable by a term of imprisonment exceeding one year that:
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the “elements clause,” while the second prong contains the “enumerated crimes” and, finally, what is commonly called the “residual clause” (referred to herein as the “ACCA residual clause”). United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). The ACCA residual clause covers “conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that the ACCA residual clause is unconstitutionally vague. Johnson, 576 U.S. at -, 135 S.Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the ACCA residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA’s definition of a violent felony. Id. at -, 135 S.Ct. at 2563.
Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime — (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), § 924(c)(3)(A) and (B) define “crime of violence” as an offense that is a felony and:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
Id. § 924(c)(3). The former clause is referred to herein as the “use-of-foree” clause and that later clause as the “§ 924(c)(3)(B) residual clause.” Notably, the ACCA’s elements clause only involves the use of force “against the person of another,” while the use-of-force clause involves the use of force “against the person or property of another.” Compare 18 U.S.C. § 924(e)(2)(B)(i), with 18 U.S.C. § 924(c)(3)(A) (emphasis added).
*1340 II. SAINT FLEUR’S HOBBS ACT ROBBERY
Saint Fleur was charged, in the same Second Superseding Indictment, with one count of “Hobbs Act Robbery” (Count 4), in violation of 18 U.S.C. § 1951(a), and one count of using, carrying, and discharging a firearm during a crime of violence as set forth in Count 4 (Count 5), in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(l)(A)(iii).
In that indictment, Count 4, the Hobbs Act robbery count, charged that Saint Fleur “did knowingly and unlawfully obstruct, delay and affect commerce ... by means of robbery, as the term[ ] ... ‘robbery’ [is] defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that [Saint Fleur] did take United States currency from individuals at the Au Bon Gout Restaurant ... by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a) and 2.”
In that same indictment, Count 5, the § 924(c) count, charged that Saint Fleur “did knowingly use, carry and discharge a firearm during and in relation to a crime of violence, and did possess a firearm in furtherance of a crime of violence, which is a felony prosecutable in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count[] ... I of the Second Superseding Indictment, in violation Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(l)(A)(iii), and 2.” (emphasis added).
Saint Fleur pled guilty to Counts 4 and 5.
As recently pointed out in In re Pinder, “[o]ur Court hasn’t decided if Johnson applies to § 924(c)(3)(B)” and “the law is unsettled” as to whether Johnson invalidates sentences that relied on the § 924(c)(3)(B) residual clause. In re Pinder, 824 F.3d 977, 978, 978-79, 2016 WL 3081954, at *1, *2 (11th Cir.2016) (granting an application for leave to file a second or successive motion under § 2255(h) because determining whether Johnson invalidates the § 924(c)(3)(B) residual clause should be decided in the first instance by the district court). In this regard, we note that Johnson did not address the definition for “crime of violence” under § 924(c)(3), and, as shown above, the ACCA residual clause and the § 924(c)(3)(B) residual clause have somewhat different language.[1]
But we need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if Johnson’s rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, Saint Fleur’s claim does not meet the statutory criteria for granting this § 2255(h) application. This is because Saint Fleur’s companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a “crime of violence” under the use-bf-force clause in § 924(c)(3)(A). The indictment and the judgment make clear that Saint Fleur’s § 924(c) sentence was not pursuant to the residual clause in subsection (B), but pursuant to the use-of-force clause in subsection (A), which requires that the crime *1341 during which the defendant was carrying the firearm be a crime that “has as an element the use, attempted use, or threatened use of physical force against the person or property of another.” See 18 U.S.C. § 924(c)(3)(A).
Specifically, Saint Fleur pled guilty to Count 4, which charged that Saint Fleur did affect commerce “by means of robbery,” as the term robbery is defined in 18 U.S.C. § 1951(b)(1). “The term ‘robbery’ means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property....” Id. § 1951(b)(1). Count 4 further charged Saint Fleur with, and Saint Fleur pled guilty to, committing robbery “by means of actual and threatened force, violence, and fear of injury.” Thus, the elements of Saint Fleur’s § 1951 robbery, as replicated in the indictment, require the use, attempted use, or threatened use of physical force “against the person or property of another.” See id.; 18 U.S.C. § 924(c)(8)(A).
In sum, Saint Fleur pled guilty to using, carrying, and discharging a firearm during the Hobbs Act robbery set forth in Count 4, which robbery offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A).[2] This means Saint Fleur’s sentence would be valid even if Johnson makes the § 924(c)(3)(B) residual clause unconstitutional.
Accordingly, because Saint Fleur has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. §2255, his application for leave to file a second or successive motion is hereby DENIED.

. We also note that the ACCA § 924(e) sentence enhancement and the § 924(c) penalty each appear to serve a different statutory purpose. Compare 18 U.S.C. § 924(c) (providing for a consecutive term of imprisonment for defendants who use a firearm during a concurrent and simultaneous crime of violence or drug trafficking crime), with 18 U.S.C. § 924(e) (providing for an enhanced term of imprisonment for a § 922(g)(1) conviction of a felon in possession of a firearm who had three past convictions for a violent felony or serious drug offense).

. In Pinder, this Court stated that the applicant's § 924(c) sentence "appear[ed] to have been based on a conviction for conspiracy to commit Hobbs Act robbery.” Pinder, 824 F.3d at 979 n. 1, 2016 WL 3081954 at *2 n. 1. However, unlike Pinder, this case involves the actual commission of a Hobbs Act robbery.