[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17552
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00206-GAP-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH L. HARRIS,
a.k.a. Kenneth Leander Harris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 28, 2017)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

A jury convicted Kenneth Harris of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and (b), three counts of using and carrying a firearm during those Hobbs Act robberies, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  The district court sentenced him to 188 months each on the Hobbs Act robbery convictions, to run concurrently; 84, 300, and 300 months on the § 924(c)(1)(A) convictions, to run consecutively; and 180 months on the firearm possession conviction under the Armed Career Criminal Act, to run concurrently with the Hobbs Act robbery sentences.  Harris appeals that 872-month sentence.

Harris first contends that his § 924(c)(1)(A) convictions must be vacated because his companion Hobbs Act robbery convictions do not qualify as "crime[s] of violence" under § 924(c)(1)(A).  See 18 U.S.C. § 924(c)(1)(A) (providing that any person who uses or carries a firearm "during and in relation to any crime of violence" is subject to certain mandatory minimums).  Binding precedent forecloses that argument.  See Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[Under the] prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").  Harris was convicted of

committing Hobbs Act robbery "by means of actual and threatened force, violence, and fear of injury," and as a result his "companion conviction[s] for Hobbs Act robbery . . . clearly qualif[y] as . . . 'crime[s] of violence' under the use-of-force-clause in § 924(c)(3)(A)." In re Fleur, 824 F.3d 1337, 1340–41 (11th Cir. 2016); see 18 U.S.C. § 924(c)(3)(A) (defining a "crime of violence" as a felony having "as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Harris's argument that In re Fleur is not binding because it involved an application to file a second or successive petition under 28 U.S.C. § 2255 fails because we have held that "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions." In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015).

Harris also contends that the district court erred in sentencing him as an armed career criminal based on three 1991 Florida felony convictions for robbery with a firearm. Binding precedent also forecloses that argument. At the time of his convictions, Florida law defined "robbery" as the "taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1), (2)(a) (1987). We have held that a conviction for armed robbery under that statute "categorically qualifies as a violent

3

felony under the ACCA's elements clause." United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016).  Harris argues that Fritts is wrong, but the prior panel precedent rule "is not dependent upon a subsequent panel's appraisal of the initial decision's correctness," and he cites no en banc or Supreme Court decision overruling Fritts.  Smith, 236 F.3d at 1300 n.8, 1301–02 (quotation marks omitted). As a result, the district court correctly determined that Harris's three Florida armed robbery convictions are qualifying ACCA felonies.

**AFFIRMED.**