[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14192
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00599-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICO REMON WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Rico Remon Washington appeals his 240-month sentence for Hobbs Act

robbery and brandishing a firearm in furtherance of a crime of violence.  On appeal,

Washington argues that Hobbs Act robbery is not a crime of violence under 18

U.S.C. § 924(c), while he acknowledges our binding precedent to the contrary.  After thorough review, we affirm.

We review de novo whether a prior conviction qualifies as a crime of violence under § 924(c).  United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013), overruled on other grounds by Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018) (en banc).  For purposes of § 924(c), a predicate offense qualifies as a crime of violence if it is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B).  The first prong of this definition is referred to as the "use-of-force" or "elements" clause, while the second prong is commonly referred to as the "risk-of-force" clause.  United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019).

In 2016, in the context of an application for leave to file a second or successive § 2255 motion to vacate, we held that a conviction for Hobbs Act robbery "clearly qualifies as a crime of violence" under the use-of-force clause of § 924(c) because it required the use, attempted use, or threatened use of force against the person or property of another.  In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016).  Then, in 2018, we again affirmed that, pursuant to the use-of-force clause in § 924(c) and our

prior precedent in <u>Fleur</u>, Hobbs Act robbery is a crime of violence because a conviction for Hobbs Act robbery by definition requires actual or threatened force, or violence, or fear of injury, immediate or future, to person or property, and because § 924(c)(3)(A) referred to the use, attempted use, or threatened use of physical force against person or property. <u>St. Hubert</u>, 909 F.3d at 345-46.

Under our prior-panel-precedent rule, a panel is bound by a prior panel's decision until overruled by the Supreme Court or by this Court en banc. <u>United States v. Kaley</u>, 579 F.3d 1246, 1255 (11th Cir. 2009). There is no exception to this rule based upon an overlooked reason or a perceived defect in the prior panel's reasoning or analysis of the law in existence at the time. <u>Id</u>. at 1259-60.

As we've previously held, Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). <u>See</u> <u>Fleur</u>, 824 F.3d at 1340-41; <u>St. Hubert</u>, 909 F.3d at 345-46, 348. Although Washington argues that our precedent was wrongly decided, he acknowledges that his argument is foreclosed by binding precedent. The prior-panel-precedent rule prevents us from disregarding our binding precedent decision absent a decision from the Supreme Court or this Court en banc, and there has been no decision by those courts overturning our precedent. <u>See</u> <u>Kaley</u>, 579 F.3d at 1255, 1259-60.

**AFFIRMED**.