[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15464
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cr-00015-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCOS HENDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 7, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Marcos Henderson is a federal prisoner serving a total sentence of 152-months' imprisonment.  In 2017, Henderson pleaded guilty to four counts: two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts 1 and 2), one count of possession of a firearm in furtherance of a crime of violence (specifically, the Hobbs Act robbery underlying the second count) in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 4).  Henderson now appeals the district court's denial of his motion to dismiss the § 924(c) count—possession of a firearm in furtherance of a crime of violence.[1]  Relying on the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Henderson argues that Hobbs Act robbery is not a crime of violence under § 924(c) and that the district court therefore abused its discretion when it denied his motion to dismiss.

We affirm.  As this Circuit has previously recognized, Henderson's predicate offense of Hobbes Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A).  Thus, although the *Davis* Court invalidated the residual clause in § 924(c)(3)(B), Henderson's conviction remains valid.

---

[1] In his plea agreement, Henderson retained the right to appeal the district court's denial of his motion to dismiss.

2

**I**

We review the denial of a motion to dismiss a charge in an indictment for abuse of discretion. *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002) (citation omitted). A district court abuses its discretion when it makes an error of law. *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011) (citations omitted). Whether an offense qualifies as a crime of violence under § 924(c) is a question of law. *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled in part on other grounds by Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc), *cert. denied*, 139 S. Ct. 2716 (2019), *and abrogated by Davis*, 139 S. Ct. at 2336.

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c). "Crime of violence" is defined as a felony offense that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

Subsection (A) is known as the "use-of-force" clause while subsection (B) is known as the "residual" clause. *In re Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

3

In *Davis*, the Supreme Court extended its holdings in *Johnson v United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325–27, 2336.

## II

Henderson argues that his § 924(c) conviction is invalid because the district court held that his § 924(c) predicate offense—the Hobbs Act robbery in Count 2—qualified as a "crime of violence" under § 924(c)(3)(B)'s now-void residual clause. The problem with this argument is that, although the district court did hold that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(B)'s now-void residual clause, it *alternatively* held that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause. *See* Dist. Ct. Order Denying Mot. to Dismiss at 8. And *Davis* left § 924(c)(3)(A)'s use-of-force clause untouched. *See* 139 S. Ct. at 2336.

As he must, therefore, Henderson also attempts to argue that the district court erred when it concluded that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause. The problem here is that binding circuit precedent is to the contrary. We have held that a "conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-

force clause in § 924(c)(3)(A)."  *In re Fleur*, 824 F.3d at 1340; *see also In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (holding, post-*Davis*, that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A)); *United States v. St. Hubert,* 909 F.3d 335, 349 (11th Cir. 2018) ("Hobbs Act robbery is categorically a crime of violence under the use-of-force clause in § 924(c)(3)(A)."), *petition for cert. filed*, No. 19-5267 (2019).  Thus, despite *Davis*'s holding that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, Henderson's § 924(c) conviction remains valid.

## III

Based on the foregoing, we hold that the district court's decision denying Henderson's motion to dismiss is **AFFIRMED.**