[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10489
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00099-EAK-JSS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAMAR LAJUAN THOMAS,
a.k.a. Baby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2020)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Shamar Thomas appeals his 420-month total sentence after a jury convicted him of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(3); and one count of knowingly using and carrying a firearm in relation to the Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C), and 2. He argues that the district court committed clear error when it enhanced his sentence for what it determined to be relevant conduct under U.S.S.G. § 1B1.3(a)(1).

We review *de novo* the district court's interpretation of the Sentencing Guidelines and accept its factual findings unless they are clearly erroneous. *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009). An error in the district court's calculation of the guideline range warrants vacating the sentence, unless the error is harmless. *Id.* A guideline miscalculation is harmless if the district court would have imposed the same sentence without the error. *Id*. at 1248. The harmless-error standard is met if it is "clear beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained." *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

Here, we need not determine whether the district court erred in determining relevant conduct under U.S.S.G. § 1B1.3(a)(1). Even if the district court erred in this regard, any error was harmless. It had no bearing on the ultimate offense level

2

the district court determined.  That is so because Thomas's guideline range would have been the same even if there was an error in ascertaining relevant conduct.

Thomas was sentenced as a career offender under U.S.S.G. § 4B1.1 because his current conviction for Hobbs Act robbery constituted a felony crime of violence, *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016), and he had two prior felony crime-of-violence convictions for Florida felony battery and Florida aggravated assault, *see United States v. Vail-Bailon*, 868 F.3d 1293 (2017) (en banc); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015); *see also United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017).  Under § 4B1.1(b), "if the offense level for a career offender from the table [in that section] is greater than the offense level otherwise applicable," the offense level from the table applies.  U.S.S.G. § 4B1.1(b).

So here, even if the district court erred in determining relevant conduct, the career-offender guideline—not the offense guideline—controlled the ultimate offense level and guideline range, since it was higher than the offense level otherwise applicable.  As a result, no matter whether Thomas received the enhancements for conduct that the district court determined to constitute relevant conduct under § 1B1.3(a)(1), the offense level generated by the career-offender table was going to replace his initial offense level.  Therefore, any potential error in determining the

special offense characteristic enhancements the district court determined to be applicable based on relevant conduct under § 1B1.3(a)(1) must be harmless because it is clear that the error complained of did not contribute to the sentence imposed, as Thomas would have been sentenced pursuant to the base offense level as a career offender under § 4B1.1, regardless.    *See Paz*, 405 F.3d at 948.    Accordingly, we affirm.

**AFFIRMED.**