[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12267
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00101-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIAH JARROD WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 8, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Isaiah Jarrod White appeals his total 214-month sentence imposed after he

pleaded guilty to two counts of using, carrying, possessing, or brandishing a

firearm during and in relation to a crime of violence, namely Hobbs Act robbery,

in violation of 18 U.S.C. § 924(c)(1)(A),[1] and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2] He argues that the district court abused its discretion by denying his motion to continue his sentencing hearing until after the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). He contends that *Davis* "eviscerated the provisions of [§] 924(c)," and had the district court postponed his sentencing until after *Davis*, he could have argued that the vagueness of the residual clause was a factor the district court should consider when determining his sentence.[3]

We review the denial of a motion to continue sentencing for abuse of discretion. *United States v. Lee*, 427 F.3d 881, 896 (11th Cir. 2005). In order to obtain relief, a defendant must show that the denial of the motion

---

[1] For purposes of § 924(c), a "crime of violence" is defined as a felony offense that:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)–(B). The first clause is commonly referred to as the elements clause and the second clause is commonly referred to as the residual clause. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).

[2] White was sentenced to an 84-month term of imprisonment for each of the § 924(c) counts and a 46-month term of imprisonment for the § 922(g) count, all imposed consecutively, resulting in a total sentence of 214 months.

[3] The government contends that the appeal waiver in White's plea agreement bars this appeal. While White does not contest the validity of the appeal waiver, we do not reach the government's argument because as explained further *Davis* did not apply to White's case.

2

"produced specific substantial prejudice." *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007) (quoting *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir. 1985)).

In *Davis*, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague. 139 S. Ct. at 2336. However, Hobbs Act robbery—the predicate crime of violence for White's § 924(c) convictions—categorically qualifies as a crime of violence under § 924(c)'s elements clause. *See United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018), *abrogated on other grounds by Davis*, 139 S. Ct. 2319; *see also In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). The *Davis* court did not disturb § 924(c)'s elements clause. *See generally Davis*, 139 S. Ct. at 2323–36. Thus, *Davis* was not applicable to White's case, and White cannot show that the denial of his motion to continue sentencing substantially prejudiced him. *Smith*, 757 F.2d at 1166. Accordingly, the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**