[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11252

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN ARMSTRONG, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00224-WWB-EJK-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

After pleading guilty, John Armstrong, Jr., was convicted of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), three counts of bank robbery or attempted bank robbery, *see* 18 U.S.C. § 2113(a), and three counts of brandishing a firearm during and in relation to a "crime of violence," namely bank robbery or attempted bank robbery, *see* 18 U.S.C. § 924(c)(1)(A)(ii).  He now appeals his § 924(c) convictions, arguing that the statute is unconstitutionally vague and that bank robbery under § 2113(a) is not a crime of violence. Because Armstrong's arguments are foreclosed by binding precedent, we affirm.

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, either a "crime of violence" or a "drug trafficking crime."    18 U.S.C. § 924(c)(1)(A)(i)–(ii).  More severe penalties apply if the firearm was "brandished" or "discharged."  *See id.*  Here, for instance, Armstrong was sentenced to three consecutive seven-year sentences for the § 924(c) convictions, in addition to a 168-month sentence for the robbery convictions.

We review *de novo* whether an offense qualifies as a "crime of violence" under § 924(c).  *United States v. McGuire*, 706 F.3d

21-11252                Opinion of the Court                3

1333, 1336 (11th Cir. 2013).  For the purposes of § 924(c), "crime of violence" means an offense that is a felony and

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).  Subsection (A) is known as the "use-of-force" or "elements" clause, while subsection (B) is known as the "residual" clause. *In re Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325–27, 2336.  The Court did not, however, hold that the use-of-force clause was similarly unconstitutional, and we continue to apply § 924(c)(3)(A) after *Davis*. *See, e.g.*, *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019); *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019).

We use a categorical approach to decide if an offense satisfies § 924(c)(3)(A)'s definition. *McGuire*, 706 F.3d at 1336.  Under that

approach, we look solely to the elements of the offense of conviction, assume that the conviction rested upon the least of the acts criminalized, and then determine if those acts qualify as a crime of violence. *United States v. Vail Bailon*, 868 F.3d 1293, 1296 (11th Cir. 2017) (*en banc*).

Armstrong contends that, following the Supreme Court's decision in *Davis*, § 924(c)(3)(A) is also unconstitutionally void for vagueness because, under the categorical approach, bank robbery under § 2113(a) can be committed without the use, attempted use, or threatened use of physical force.

As he acknowledges, however, we have held that bank robbery under § 2113(a), including "by intimidation," categorically qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016). We reasoned that federal bank robbery categorically qualifies as a crime of violence because "[a] taking 'by force and violence' entails the use of physical force [and] a taking 'by intimidation' involves the threat to use such force." *Id.* (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)). Moreover, we have held that a conviction for attempting to commit a crime of violence or for aiding and abetting a crime of violence also qualifies as a crime of violence for purposes of § 924(c)(3)(A)'s use-of-force clause. *See Steiner*, 940 F.3d at 1293 (aiding and abetting); *United States v. St. Hubert*, 909 F.3d 335, 351–52 (11th Cir. 2018) (attempt), *abrogated on other grounds by Davis*, 139 S. Ct. 2319. Thus, both attempted bank robbery and

aiding and abetting a bank robbery under § 2113(a) likewise qualify as crimes of violence for purposes of § 924(c)(3)(A).

Based on our precedent, Armstrong's convictions under § 2113(a) count as crimes of violence for the purposes of § 924(c)(3)(A)'s use-of-force clause, which remains valid even after *Davis*'s invalidation of § 924(c)(3)(B)'s residual clause. *Sams*, 830 F.3d at 1239; *see Steiner*, 940 F.3d at 1293; *St. Hubert*, 909 F.3d at 351–52. Although Armstrong believes that *Sams* was wrongly decided, we are bound by that decision under the prior precedent rule because it has not been overruled or undermined to the point of abrogation by this Court sitting *en banc* or the Supreme Court. *See St. Hubert*, 909 F.3d at 345 (holding that the prior precedent rule "applies with equal force" to published decisions involving applications to file second or successive habeas petitions). Therefore, we affirm Armstrong's § 924(c) convictions.

**AFFIRMED.**