[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10248

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONY OCHOA GUERRERO,
a.k.a. Rony Ochoa Guerrero,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cr-20807-DMM-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Rony Ochoa Guerrero, a federal prisoner, appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Ochoa Guerrero failed to identify an extraordinary and compelling reason to warrant early release, U.S.S.G. § 1B1.13, and the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed against granting relief. The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

In 2013, Ochoa Guerrero pleaded guilty to one count of conspiring to commit and two counts of committing Hobbs Act robbery, 18 U.S.C. § 1915(a), and one count of brandishing a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(ii). In his written plea agreement, he and the government agreed to recommend a term of 180 months of imprisonment and stated that this sentence was consistent with the statutory sentencing factors, *id.* § 3553(a). The district court sentenced Ochoa Guerrero to a total sentence of 180 months of imprisonment.

In 2022, Ochoa Guerrero moved for compassionate release, *id.* § 3582(c)(1)(A). He argued that intervening changes in the law could constitute "extraordinary and compelling" reasons to reduce his sentence, and the statutory sentencing factors supported a sentence reduction. He also argued that his sentence would be significantly reduced under the amendment to section 924(c) in the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22, but he did not explain why.

The district court denied Ochoa Guerrero's motion. The district court ruled that he failed to exhaust his administrative remedies and that, even if he had, he failed to establish an extraordinary or compelling reason for compassionate release. The district court also ruled that compassionate release would be inconsistent with the statutory sentencing factors and that section 403 of the First Step Act did not apply to his conviction.

Summary affirmance is appropriate because there is no substantial question that Ochoa Guerrero is not entitled to compassionate release. *See Groendyke*, 406 F.2d at 1162. Ochoa Guerrero argues that his "extraordinary and compelling reason" for compassionate release is that he lacks a valid predicate offense to support his section 924(c) conviction. But section 3582(c) does not authorize a district court to consider collateral attacks on a prisoner's conviction. Even if it did, his plea agreement specified that his section 924(c) conviction was predicated on substantive Hobbs Act robbery, which is a valid "crime of violence" under the elements clause, 18 U.S.C. § 924(c)(3)(A). *See In re Saint Fleur*, 824 F.3d 1337,

1340–41 (11th Cir. 2016). And his argument that the district court was not bound by the policy of the Sentencing Commission, U.S.S.G. § 1B1.13, in deciding what constitutes an "extraordinary and compelling reason" is foreclosed by precedent. *See United States v. Bryant*, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Because Ochoa Guerrero failed to establish an "extraordinary and compelling reason" warranting compassionate release, we need not address his argument that the statutory sentencing factors weighed in favor of reducing his sentence. *See United States v. Tinker*, 14 F.4th 1234, 1237–39 (11th Cir. 2021).

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Ochoa Guerrero's motion for compassionate release, and **DENY AS MOOT** the motion to stay the briefing schedule.