[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11007

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NATHANIEL O. COX,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00090-MCR-1

————————————

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Nathaniel O. Cox appeals his convictions, following a jury trial, for Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm in furtherance of that robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On appeal, Cox argues that the evidence was legally insufficient to convict him.  For the reasons below, we affirm.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In October 2020, a federal grand jury indicted Cox on three counts, charging him with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). These charges stemmed from the armed robbery of a Florida Publix grocery store.

The government presented the following evidence at trial. Two Publix employees testified that they were standing in the aisle of the store when a Black male, approximately five feet, eight inches tall, approached them wearing a black hat, a black mask, Air Jordan type tennis shoes, and a safety vest, with a backpack held in front of him and a reusable grocery bag in his hand.  The man told the employees to take the reusable bags to the cash room and fill them with money.  The man then slid the stock of a gun from out

of his backpack. After he escorted the employees to the cash room, the man pointed the gun at them while directing them to place money inside the reusable bags, and the man took approximately $22,500. One employee described the firearm the man had has a collapsible assault rifle, and the other employee described the firearm as a green tactical style assault rifle. On cross-examination, both employees were unaware whether the suspect had dreadlocks because the man's hat made it difficult to determine what his hair looked like, and neither could identify Cox as the perpetrator. Publix surveillance video from the night of the incident show that the perpetrator wore a hat that sat high on his head, and that there was a smooth surface underneath the hat.

Further testimony showed that Cox had previously been convicted and sentenced for brandishing and carrying a firearm in the commission of a crime of violence, and that he was currently on a term of federal probation. His probation officer confirmed that he used a single cell phone number to stay in contact with Cox, and that Cox lived near Dallas, Texas and had family living near Jacksonville, Florida.

Law enforcement obtained the cell phone records and geolocation information related to the specific phone number identified by Cox's probation officer. The geolocation data showed that, on the day of the robbery, Cox's phone travelled from the Dallas, Texas area to Pensacola, Florida. On the night of the crime, at the same time the crime was occurring, Cox's phone was within a radius of 792 meters, less than half a mile, of the location of the crime.

Once the crime ended, Cox's phone could be seen travelling east-bound toward Jacksonville, Florida, and it appeared that Cox turned the phone off shortly thereafter.  The day after the incident, Cox's phone was turned back on, and the phone pinged around the location of Cox's mother's Jacksonville, Florida home.  Cox's phone stayed in this approximate location until it moved toward the Jacksonville International Airport.

Ultimately, law enforcement officers arrested Cox at Jacksonville International Airport, and during the arrest, they recovered a backpack, a piece of luggage, a black COVID-19 mask, various items of jewelry, receipts for payment of cellular phone bills paid in cash, and two cell phones, with one cell phone having the phone number associated with the geolocation data.  These phones contained pictures of Cox with his hair up and a picture of cash spread out on a bed next to a piece of luggage that was the same pattern, color, and style of bag as the one found in Cox's possession at the airport.  The picture of money spread out on the bed was taken less than 24 hours after the robbery occurred.

Upon executing a search warrant at Cox's mother's home in Jacksonville, Florida, law enforcement found multiple pairs of new shoes and new clothes in Cox's bedroom, including a new pair of Nike Air Jordans.  Inside Cox's car, they found more pairs of new shoes, a package for "I Keep It Smooth" wave caps, a wallet with $300 cash inside, a loaded Kel-Tec SUB-2000 firearm, Cox's Texas driver's license, and a bank card.  Cox's driver's license listed his height as five feet, eight inches.

Cox entered a few photographs of himself into evidence, and then rested his case in chief.  Cox did not move for a judgment of acquittal at the close of evidence.  Following deliberations, the jury found Cox guilty on all counts.  Cox did not move for a judgment of acquittal after the jury returned its verdict.  Instead, his direct appeal followed.

## II.    STANDARD OF REVIEW

Normally, we review *de novo* challenges against the sufficiency of the evidence, asking "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (quoting *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008)).  However, if the defendant did not move for a judgment of acquittal "or otherwise preserve an argument regarding the sufficiency of the evidence in the court below," we will only set aside his conviction if we find a manifest miscarriage of justice, which exists if the "evidence on a key element of the offense is so tenuous that a conviction would be shocking" or where the record is devoid of evidence on an essential element of the charged offense.  *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013) (quoting *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006)).

"The test for sufficiency of the evidence is identical regardless of whether the evidence is direct or circumstantial," and both types of evidence are afforded the same weight.  *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011) (quoting *United States v. Mieres-Borges*, 919 F.2d 652, 656-57 (11th Cir. 1990)).  However, when

the government's case relies on circumstantial evidence, reasonable inferences must support the conviction, not mere speculation. *United States v. Martin*, 803 F.3d 581, 587-588 (11th Cir. 2015). Nevertheless, the government's case "need not exclude every reasonable hypothesis of innocence," so long as any rational jury could have found the essential elements of the charged offenses beyond a reasonable doubt. *Doe*, 661 F.3d at 560 (quoting *United States v. Robertson*, 493 F.3d 1322, 1329 (11th Cir. 2007)).

Hobbs Act robbery is: (1) "the unlawful taking or obtaining of personal property"; (2) "from the person or presence of another, against his will"; (3) by "actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property or property in his custody or possession." 18 U.S.C. § 1951(a)-(b)(1). Section 924(c) of Title 18 of the U.S. Code prohibits the use, carrying, or possession of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A conviction for Hobbs Act robbery qualifies as a crime of violence under the elements clause in 18 U.S.C. § 924(c)(3)(A). *In re Fleur*, 824 F.3d 1337, 1340-1341 (11th Cir. 2016).

Here, because Cox's attorney failed to challenge the sufficiency of the evidence below, we must review Cox's challenges against the sufficiency of the evidence for his convictions for a manifest miscarriage of justice.[1] *Fries*, 725 F.3d at 1291. Under such standard, Cox's challenges fail.

---

[1] In his brief, Cox challenges his attorney's failure to move for a judgment of acquittal or otherwise challenge the sufficiency of the evidence. He argues

As to Hobbs Act robbery, the government presented sufficient evidence that Cox entered a Publix grocery store with a firearm, and then used that firearm to threaten Publix employees and force them to give Cox approximately $22,500 from the Publix cash room. Although the government's case hinged on circumstantial evidence because no eyewitnesses could identify Cox as the perpetrator, the government's evidence did not require the jury to rely on mere speculation. Instead, the government's evidence allowed the jury to make reasonable inferences about Cox's behaviors on the night of the incident and the days following. *Martin*, 803 F.3d at 587-588.

The geolocation data demonstrated that, on the day of the robbery, Cox travelled from his home near Dallas, Texas and drove toward his mother's home in Jacksonville, Florida. During the trip, Cox's phone could be found within a half-mile of the Publix in question at the same time the robbery was occurring. Then, after

---

that "there could be no reasonable strategic . . . reason for not" challenging the sufficiency of the evidence, meaning that his attorney's failure "was unreasonable under *Strickland v. Washington*, 466 U.S. 668 (1984), and the ineffectiveness is plain from the existing appellate record." Based on this, Cox asserts that we should look past his attorney's failure to preserve his challenge before the district court and review his case under our ordinary standard of review. We decline to do so, for the record demonstrates that his current challenge is unpreserved. *See Fries*, 725 F.3d at 1291. Moreover, to the extent Cox asks this Court to consider whether his counsel performed ineffectively, we decline to make such determination because the record is insufficiently developed on that issue. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (holding that we generally do not consider ineffective assistance of counsel claims raised on direct appeal unless the record is sufficiently developed).

the robbery's completion, his phone travelled to his mother's home. Additional cell phone data showed that, shortly after the robbery, Cox took pictures of a large amount of money laid across his bed. Finally, the same type of firearm used in the Publix robbery was found in Cox's vehicle.

All the above evidence allowed the jury to reasonably infer that Cox committed the Publix robbery. The evidence is not so tenuous that Cox's conviction is shocking, nor is the record devoid of evidence of an essential element of the charged offense. Thus, Cox's conviction does not result in a manifest miscarriage of justice. *Fries*, 725 F.3d at 1291.

Cox's conviction for possessing and using a firearm during a crime of violence is also supported by sufficient evidence. The government's evidence demonstrated that Cox committed a qualifying crime of violence—Hobbs Act robbery—and that he possessed and brandished a firearm during such crime. *In re Fleur*, 824 F.3d at 1340-1341. As such, Cox's conviction does not result in a manifest miscarriage of justice. *Fries*, 725 F.3d at 1291.

### III.    CONCLUSION

For the reasons set forth above, Cox's convictions are **AFFIRMED.**