[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10674

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:17-cr-60119-KAM-3

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This is the second occasion that Christopher Brinson has appealed his sentence imposed for conspiring to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), committing two counts of Hobbs Act robbery, *id.*, and brandishing a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A)(ii). In his first appeal, we concluded that the district court erred in sentencing Brinson as a career offender, U.S.S.G. § 4B1.1, and remanded for resentencing without the career-offender enhancement. *United States v. Simmons*, 847 F. App'x 589, 594 (11th Cir. 2021). Brinson now argues, as he did in his first appeal, that we must vacate his conviction for brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), because Hobbs Act robbery does not qualify as a crime of violence under section 924(c). The United States moves for summary affirmance. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we affirm.

We review whether an offense is a crime of violence under 18 U.S.C. § 924(c) *de novo*. *United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023).

Section 924(c) prohibits using or carrying a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A). A crime of violence is

any felony that has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Hobbs Act robbery is a crime of violence under the elements clause of section 924(c). *In re Fleur*, 824 F.3d 1337, 1339–40 (11th Cir. 2016).

Summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. Brinson correctly "acknowledges that [our] binding precedent precludes [his]" argument that Hobbs Act robbery does not qualify as a crime of violence under section 924(c)(3)(A). *See United States v. St. Hubert*, 909 F.3d 335, 348–50 (11th Cir. 2018) (reaffirming our holding in *In re Fleur* that Hobbs Act robbery qualifies as a crime of violence under the elements clause of section 924(c)), *abrogated on other grounds by United States v. Taylor*, 596 U.S. 845, 851–52 (2022) (holding that attempted Hobbs Act robbery is not a crime of violence under the elements clause of section 924(c)); *In re Fleur*, 824 F.3d at 1339–40. He suggests that two intervening Supreme Court decisions, *Stokeling v. United States*, 586 U.S. 73 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), have undermined our precedent.

We disagree. *Stokeling* resolved whether Florida robbery qualifies as a violent felony under the elements clause of the Armed Career Criminal Act and did not involve Hobbs Act robbery or section 924(c). *See* 586 U.S. at 87. So *Stokeling* did not undermine our holding in *In re Fleur* or *St. Hubert* to the point of abrogation. *See United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) ("[A] prior panel's holding is binding on all subsequent panels unless and until

it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*."). Nor did *Taylor* abrogate our holding in *In re Fleur*. *See Wiley*, 78 F.4th at 1364–65 (explaining that "*Taylor* did not disturb our holding that completed Hobbs Act robbery is a crime of violence" under section 924(c)(3)(A) because the "analysis in *Taylor* was limited to attempted Hobbs Act robbery"). Because *In re Fleur* remains binding precedent, the district court did not err in using Hobbs Act robbery as the predicate offense for Brinson's section 924(c) conviction. *See id.*; *Dudley*, 5 F.4th at 1265; *In re Fleur*, 824 F.3d at 1339–40.

Because there is no substantial question as to the outcome of the case, we **GRANT** the motion for summary affirmance, **DENY AS MOOT** Brinson's motion to file a supplemental brief, and **GRANT** his motion to accept his amended response. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**