[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-10571

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN ROBERT FOCHE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00569-CEH-SPF-1

————————————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant John Foche appeals his convictions for conspiracy to commit a Hobbs Act robbery, committing a Hobbs Act robbery, and discharging a firearm in furtherance of a crime of violence. He argues that the district court erred in determining his conviction for a Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). After careful review, we affirm.

We generally review de novo whether an offense is a qualifying crime of violence under 18 U.S.C. § 924. *United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023). However, when a defendant fails to object to an error before the district court, we review the argument for plain error. *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002). Under this standard of review, the appellant must prove: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). "An error is plain if it is obvious and clear under current law." *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

Under § 924(c), it is illegal to use or carry a firearm during a "crime of violence." A "crime of violence" is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This language is known as the "elements clause" of

§ 924(c).  *See United States v. Davis*, 875 F.3d 592, 596 (11th Cir. 2017).  We determine whether a predicate crime is a "crime of violence" based categorically on the statutory elements required for conviction, not the conduct of a specific offender. *Id.* at 597. "The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845, 850 (2022).

A defendant commits an offense under the Hobbs Act when he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of [section 1951]."  18 U.S.C. § 1951(a). The Hobbs Act defines robbery, in part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession."  *Id.* § 1951(b)(1).

We have recognized that completed Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A).  *In re Fleur*, 824 F.3d 1337, 1339–40 (11th Cir. 2016); *see also United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), *abrogated on other grounds by Taylor*, 596 U.S. at 860; *Wiley*, 78 F.4th at 1364–65.

Foche asks that we find that completed Hobbs Act robbery is not a crime of violence because *In re Fleur* did not employ the categorical approach when it found that Hobbs Act robbery qualifies as a crime of violence under section 924(c)(3)(A). He points out that the court in *In re Fleur* pointed to the elements of that defendant's offense as charged in the indictment rather than the elements the government is required to prove beyond a reasonable doubt in its case as required by the categorical approach. *See Taylor*, 596 U.S. at 850. But *In re Fleur* did engage in the key inquiry of the categorical approach by considering the elements of Hobbs Act robbery. 824 F.3d at 1341 (quoting 18 U.S.C. § 924(c)(3)(A)). And more importantly, we are bound by our precedent, *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021), which has reaffirmed that committed Hobbs Act robbery is a crime of violence. *Wiley*, 78 F.4th at 1365.

Because Foche's argument is foreclosed by our precedent, the district court did not plainly err in determining that Foche's conviction for Hobbs Act robbery was a crime of violence under § 924(c)(3)(A).

**AFFIRMED**.