[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-12654

Non-Argument Calendar

————————————

QUENTIN TRULEY,

　　　　　　　　　　　　　　　　Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02873-TWT

————————————

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

In late 2017, Quentin Truley robbed two cell phone stores at gunpoint. For this he was indicted on two counts of Hobbs Act robbery and two counts of brandishing a firearm during a crime of violence—namely, those Hobbs Act robberies. Truley pleaded guilty across the board. The district court accepted this plea, but made a typographical error in the written judgment; rather than listing Truley's offense as substantive Hobbs Act robbery, it wrote "Conspiracy to Commit Hobbs Act Robbery." This distinction matters because while substantive Hobbs Act robbery is a crime of violence, conspiracy to commit Hobbs Act robbery is not.

Seizing on the district court's typo, Truley now challenges his convictions for brandishing a firearm during a crime of violence. Because the written judgment lists the offense as conspiracy to commit Hobbs Act robbery, he says, we should ignore everything else in the record and reverse his convictions.

We are unpersuaded by Truley's argument. The indictment charged him with substantive Hobbs Act robbery. By pleading guilty to that charge, Truley waived the argument he now tries to make. So we affirm the district court's judgment and remand for the limited purpose of fixing the scrivener's error.

## I.

Around Christmas 2017, Quentin Truley and an accomplice robbed a Sprint store at gunpoint. They stole eighteen phones, including the Sprint employees' personal devices. Unsatisfied with this haul, Truley and a separate associate decided to rob a Verizon store eleven days later. This one too was at gunpoint. Truley demanded that an employee take him to the store's safe and unload the contents—about thirty new iPhones—into a bag. The employee obliged. But as he was loading the iPhones into the bag, the employee slipped in a tracking device as well. The signal from that tracking device led the police straight to Truley, who was found hiding in the bushes outside an apartment complex.

A grand jury indicted Truley on two counts of Hobbs Act robbery and two counts of brandishing a firearm "during and in relation to" a crime of violence. *See* 18 U.S.C. §§ 1951(a); 924(c)(1)(A)(ii). The first crime of violence was the armed robbery of the Sprint store, and the second crime of violence was the armed robbery of the Verizon store. Seeing the writing on the wall, Truley pleaded guilty to all counts.

During the plea hearing, the government began by listing the elements of substantive Hobbs Act robbery. The district court then asked Truley whether he understood that he was pleading guilty to "committing armed robberies." "Yes, sir." Truley also confirmed that he knew he was pleading guilty to "brandishing a firearm during the commission of a crime of violence." Satisfied,

the district court adjudged Truley guilty on all counts and sentenced him to 231 months' imprisonment.

But when the district court reduced its decision to writing, it made a mistake. Rather than listing the offense as Hobbs Act robbery—the crime Truley was indicted for and pleaded guilty to—the court listed the offense as "Conspiracy to Commit Hobbs Act Robbery." Capitalizing on this scrivener's error, Truley filed a motion under 28 U.S.C. § 2255 to vacate his sentence on the ground that conspiracy to commit Hobbs Act robbery is not a crime of violence.

The district court denied this motion because Truley's convictions were "predicated on substantive Hobbs Act robberies—not conspiracy or attempt." This Court then granted Truley's motion for a certificate of appealability on the issue of whether his convictions qualify as crimes of violence "where Truley was indicted for and pled guilty to substantive Hobbs Act robbery, but the judgment indicated that he was convicted for conspiracy to commit Hobbs Act robbery."

## II.

"In evaluating the district court's denial of a motion to vacate under § 2255, we review legal conclusions de novo and factual findings for clear error." *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019).

## III.

Truley argues that his convictions for brandishing a firearm during a crime of violence are unconstitutional because the written judgment lists his offense as "Conspiracy to Commit Hobbs Act Robbery," and this offense is not a crime of violence. *See Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019). He is wrong for the simple reason that he was not convicted of conspiracy to commit Hobbs Act robbery.

It is a bedrock principle of criminal law that "a defendant can be convicted only of a crime charged in the indictment." *United States v. Madden*, 733 F.3d 1314, 1318 (11th Cir. 2013). So because Truley was never charged with conspiracy, he could not have been convicted of conspiracy. *See id.* Instead, Truley was convicted of *substantive* Hobbs Act robbery—the offense he was indicted for and pleaded guilty to. And substantive Hobbs Act robbery *is* a crime of violence. *See In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).

In any event, Truley waived "all non-jurisdictional challenges" to his conviction by pleading guilty to each count in his indictment. *See United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009). Truley "cannot prove" that he did not commit a crime of violence without "contradicting" his indictment and the record. *See United States v. Broce*, 488 U.S. 563, 576 (1989). The indictment shows that Truley was charged with substantive Hobbs Act robbery—again, a crime of violence—and the record shows that he

pleaded guilty to that offense.    As a result, his argument is "foreclosed by the admissions inherent in [his] guilty plea[]."  *Id.*

The district court made a scrivener's error by listing Truley's offense as "Conspiracy to Commit Hobbs Act Robbery." Consistent with the indictment, the offense should have been listed as substantive Hobbs Act robbery.  We remand for the limited purpose of correcting that error. *See United States v. Brown*, 772 F.3d 1262, 1268 (11th Cir. 2014).

⋆    ⋆    ⋆

We **AFFIRM** the district court's judgment and **REMAND**.