[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12680

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VICTOR NATSON,
a.k.a. Silverback,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cr-00050-LGW-CLR-3

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

In 2018, a jury found Victor Natson guilty of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act robbery in violation of § 1951 (Count 2); using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, namely, Hobbs Act robbery as alleged in Count 2 in violation of 18 U.S.C. § 924(c) (Count 3); attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 5); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, attempted Hobbs Act robbery in violation of § 924(c) (Count 6).  Following the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022),[1] Natson filed a successful motion to vacate sentence under 28 U.S.C. § 2255, and the district court vacated Count 6 and held a full resentencing hearing.  Natson now appeals from the new judgment.

On appeal he argues that (1) his § 924(c) conviction in Count 3 must be vacated because the offense of completed Hobbs Act robbery is no longer a crime of violence post-*Taylor*, and (2) Count 3 was jurisdictionally invalid because the jury

_____

[1] The Supreme Court in *Taylor* held that attempted Hobbs Act robbery does not categorically qualify as a predicate crime of violence for purposes of § 924(c).  596 U.S. at 851.

instruction, which was based on the Eleventh Circuit's Pattern Jury Instruction, was overbroad and the jury could have convicted him under circumstances that would not constitute a crime of violence for purposes of § 924(c). After review, we affirm.

## I.    Background

A grand jury issued a superseding indictment charging Natson and two other defendants with seven offenses related to the armed robbery of, and a second attempted armed robbery of, Brinks armored trucks. The indictment charged Natson with six counts: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act robbery in violation of § 1951 (Count 2); using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, namely, Hobbs Act robbery as alleged in Count 2 in violation of 18 U.S.C. § 924(c) (Count 3); attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 5); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, attempted Hobbs Act robbery in violation of § 924(c) (Count 6).

Natson proceeded to a jury trial. Prior to deliberations, with regard to Count 2—which served as the predicate offense for Count 3—the trial court gave the jury this Court's pattern jury instruction for Hobbs Act robbery.[2] That instruction provides as follows:

---

[2] Natson requested the trial court give this instruction.

It's a Federal crime to acquire someone else's property by robbery and in doing so to obstruct, delay, or affect interstate commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt.

> (1) the Defendant knowingly acquired someone else's personal property;
>
> (2) the Defendant took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and
>
> (3) the Defendant's actions obstructed, delayed, or affected interstate commerce.

"Property" includes money, tangible things of value, and intangible rights that are a source or element of income or wealth.

"Fear" means a state of anxious concern, alarm, or anticipation of harm. It includes the fear of financial loss as well as fear of physical violence.

"Interstate commerce" is the flow of business activities between one state and anywhere outside that state.

The Government doesn't have to prove that the Defendant specifically intended to affect interstate

> commerce.    But it must prove that the natural consequences of the acts described in the indictment would be to somehow delay, interrupt, or affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.

*See* Eleventh Circuit Pattern Jury Instruction O70.3.

The jury found Natson guilty on all six counts, and he was sentenced to a total of 240 months' imprisonment.  We affirmed his convictions and sentence on appeal.  *See United States v. Scott*, 798 F. App'x 391 (11th Cir. 2019).

Following the Supreme Court's decision in *Taylor*—which as noted above held that attempted Hobbs Act robbery does not categorically qualify as a predicate crime of violence for purpose of § 924(c)—Natson filed a 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction that was predicated on attempted Hobbs Act robbery (Count 6).  The district court granted the motion, vacated the conviction, and ordered a full resentencing.

At the resentencing stage, Natson argued that the district court could not resentence him under Count 3 because the pattern jury instruction for the predicate crime in Count 3—Hobbs Act robbery—was overbroad in allowing the jury to convict him of Hobbs Act robbery merely by causing his victims to fear economic loss, and, therefore Count 3 was a nullity for lack of jurisdiction.  Acknowledging that we had held in *In re Saint Fleur*, 824 F.3d 1337

(11th Cir. 2016), that completed Hobbs Act robbery categorically qualified as a crime of violence for purposes of § 924(c), Natson argued that *Saint Fleur* was no longer good law in light of *Taylor*.

The district court overruled Natson's objections, and resentenced him to a below-guidelines total sentence of 166 months' imprisonment. This appeal followed.

## II.    Discussion

### A.  *Whether completed Hobbs Act robbery is crime of violence post-*Taylor

Natson argues that our precedent holding that completed Hobbs Act robbery categorically qualifies as a crime of violence for purposes of § 924(c) is no longer valid and must be reconsidered in light of the Supreme Court's decision in *Taylor*.[3]    Natson's argument is squarely foreclosed by binding precedent.

Section 924(c) prohibits the use, carrying, or possession of a firearm during and in relation to or in furtherance of "any crime of violence or drug trafficking crime" and provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A). Section 924(c)'s "elements clause" defines a "crime of violence" as a felony that "has

---

[3] Whether an offense is a crime of violence under § 924(c) is a question of law that we review *de novo*. *United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023).

23-12680                Opinion of the Court                7

as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

The Hobbs Act robbery statute criminalizes:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, . . . or the person or property of . . . anyone in his company at the time of the . . . obtaining.

18 U.S.C. § 1951(a), (b)(1).

In *In re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016), we concluded that a completed Hobbs Act robbery offense "clearly" qualifies as a crime of violence under § 924(c)'s elements clause, noting that it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 1340–41 (quoting § 924(c)(3)(A)).[4]

Subsequently, in *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018), *abrogated on other grounds by Taylor*, 596 U.S. 845,

---

[4] To the extent that Natson argues that *Saint Fleur* should not apply to his case because it was issued in the context of an application for permission to file a second or successive motion to vacate sentence, this argument is squarely foreclosed by our precedent. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) ("To be clear, our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions. In other words, published three-judge orders issued under [28 U.S.C.] § 2244(b) are binding precedent in our circuit.").

we reaffirmed *Saint Fleur*, holding that Hobbs Act robbery is a crime of violence because "[a] conviction for Hobbs Act robbery by definition requires 'actual or threatened force, or violence, or fear of injury, immediate or future, to person or property.'" *Id.* at 348 (alteration adopted) (quoting § 1951(b)(1)). In so holding, we reasoned that there was no "plausible scenario" in which the Hobbs Act applied to a robbery "that did not involve, at a minimum, a threat to use physical force," or a situation "in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury." *Id.*

Although Natson argues that *Saint Fleur* and its progeny were wrongly decided in the first instance and have been undermined to the point of abrogation by *Taylor*, we have held that "*Taylor* did not disturb our holding that completed Hobbs Act robbery is a crime of violence" for the purposes of § 924(c). *Wiley*, 78 F.4th at 1365; *see also United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (explaining that to disturb our existing precedent, a "Supreme Court decision must be clearly on point" and "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel"). Under the prior-panel-precedent rule, we are bound by *Wiley*, *Saint Fleur*, and the otherwise valid portions of *St. Hubert*, "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this [C]ourt sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249,

1265 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022) (quotations omitted). Accordingly, Natson is not entitled to relief on this claim.

### B. *Whether Count 3 is a nullity for lack of jurisdiction due to the jury instruction*

Natson argues that the district court lacked jurisdiction over Count 3 because our pattern jury instruction for Hobbs Act robbery is categorically overbroad as it allowed the jury to convict him based on mere fear of financial loss, which would remove the Hobbs Act robbery predicate from § 924(c)'s "crime of violence" definition. He maintains that "the [c]ourt does not have jurisdiction to issue judgment as to the categorically overbroad offenses because such offenses are not 'offenses against the laws of the United States' pursuant to 18 U.S.C. § 3231."

"We review *de novo* a district court's subject matter jurisdiction even when it is raised for the first time on appeal." *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023).

"Subject-matter jurisdiction defines the court's authority to hear a given type of case." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction . . . involves a court's power to hear a case. . . ."). "Congress bestows that authority on lower courts by statute." *Alikhani*, 200 F.3d at 734. For federal crimes, Congress has bestowed federal district courts with "original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. We have held that "[s]o long as the indictment

charges the defendant with violating a federal statute . . . it alleges an offense against the laws of the United States, and, thereby, invokes the district court's subject matter jurisdiction." *United States v. Wilson*, 979 F.3d 889, 902 (11th Cir. 2020) (quotations omitted); *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (same).

Natson does not take issue with court's subject matter jurisdiction based on the § 924(c) offense alleged in the indictment. Nor could he do so because the United States filed an indictment charging Natson with a violation of 18 U.S.C. § 924(c), which no one disputes is an offense against the laws of the United States. Rather, Natson argues that the allegedly overbroad jury instruction essentially stripped the district court of subject matter jurisdiction that it otherwise possessed. However, he cites no binding authority[5]—and we have located none—holding that an erroneous jury instruction can deprive the district court of its authority and power to adjudicate a particular type of case under 18 U.S.C.

---

[5] In support of his position, Natson relies primarily on a two-page unpublished district court order in *United States v. Louis*, No. 21-CR-20252, 2023 WL 2240544, at *1–2 (S.D. Fla. Feb. 27, 2023), granting a post-trial motion to arrest judgment and dismissing numerous § 924(c) counts, under Federal Rule of Criminal Procedure 34 for lack of jurisdiction. The district court concluded, without sufficient explanation, that the Hobbs Act robbery pattern jury instruction O70.3 is categorically overbroad and summarily concluded that "such overbroad offenses are not offenses against the laws of the United States." (quotations omitted). However, as Natson concedes, *Louis* is not binding on this Court. Furthermore, the *Louis* court's determination is entirely conclusory and finds no support in the law.

23-12680               Opinion of the Court                    11

§ 3231.  *See United States v. Leonard*, 4 F.4th 1134, 1142 (11th Cir. 2021) ("[A] jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." (quotations omitted)).  To the extent that Natson argues that because the Hobbs Act robbery jury instruction was allegedly overbroad, it could not satisfy the "crime of violence" element of § 924(c), that would mean only that one of the elements of the § 924(c) charge was not met—not that the district court would have been stripped of its jurisdiction.  *See United States v. Grimon*, 923 F.3d 1302, 1306 (11th Cir. 2019) (holding that "the government's alleged failure to sufficiently establish an [element] does not deprive the district court of its subject matter jurisdiction under § 3231.").  In short, although Natson casts his jury instruction challenge as one that goes to the district court's subject matter jurisdiction, it does not.[6]

Accordingly, he is not entitled to relief on this claim.

---

[6] Natson's challenge, at best, amounts to a garden-variety jury instruction challenge, which we review for plain error because he failed to preserve the issue at trial.  *United States v. Duldulao*, 87 F.4th 1239, 1257 (11th Cir. 2023).  To establish plain error, the defendant must show that (1) there was error; (2) the error was plain; (3) the error "affect[ed] [his] substantial rights"; and (4) "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotations omitted).  Natson cannot show that the alleged error was plain because neither this Court nor the Supreme Court has held that the pattern jury instruction at issue is overly broad.  *See United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir.2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue . . . there can be no plain error in regard to that issue.").

### III.    Conclusion

For the above reasons, we affirm Natson's sentence.

**AFFIRMED.**